UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-60054-CIV-GOLD/GOODMAN

CHANEL, INC.,

       Plaintiff,

v.

LIZKA VILLALOBOS, an individual
d/b/a PERFECTBRANDS LLC TRADING,
and DOES 2-10,

       Defendants.
_____/

## FINAL DEFAULT JUDGMENT

THIS CAUSE is before the Court upon the Court's grant of Plaintiff Chanel, Inc.'s ("Plaintiff") Motion for Entry of Final Default Judgment. **[ECF No. 54]**. Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1. For Counts I and II, statutory damages in favor of Plaintiff are awarded in the amount of **$273,000.00**.

2. For Count III, statutory damages in favor of Plaintiff are awarded in the amount of **$10,000.00**.

3. Costs are awarded to Plaintiff in the amount of **$700.00**.

4. Prejudgment interest on the statutory damages is awarded at the rate set by 26 U.S.C. § 6621(a)(2) from January 14, 2010 to the date of judgment.

(1)   Permanent Injunctive Relief

Defendant and its respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation with Defendant are hereby restrained and enjoined from:

- (a) manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods using the Chanel Marks identified in paragraph 10 of the First Amended Complaint;
- (b) using the Chanel Marks in connection with the sale of any unauthorized goods;
- (c) using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendant offered for sale or sold via the domain names identified on Schedule "A" hereto (collectively the "Subject Domain Names") and/or any other website or business, as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;
- (d) falsely representing themselves as being connected with Plaintiff, through sponsorship or association;
- (e) engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant offered for sale or sold via the Subject Domain Names and/or

any other website or business are in any way endorsed by, approved by, and/or associated with Plaintiff;

(f) using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant via the Subject Domain Names and/or any other website or business, including, without limitation, handbags, wallets, sunglasses, scarves, shoes, boots, clothing, hats, and gloves;

(g) affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendant via the Subject Domain Names and/or any other website or business, as being those of Plaintiff or in any way endorsed by Plaintiff;

(h) otherwise unfairly competing with Plaintiff; and

(i) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

(2) Additional Equitable Relief:

(a) In order to give practical effect to the Permanent Injunction, the Subject Domain Names are hereby ordered to be immediately transferred by Defendant, her assignees and/or successors in interest or title, and the

Registrars to Plaintiff's control. To the extent the current Registrars do not facilitate the transfer of the domain names to Plaintiff's control within ten (10) days of receipt of this judgment, the United States based Registry shall, within thirty (30) days, transfer the Subject Domain Names to a United States based Registrar of Plaintiff's choosing, and that Registrar shall transfer the Subject Domain Names to Plaintiff;

(b) Upon Plaintiff's request, the top level domain (TLD) Registry for each of the Subject Domain Names, within thirty (30) days of receipt of this Order, shall place the Subject Domain Names on Registry Hold status for the life of the current registration, thus removing them from the TLD zone files maintained by the Registry which link the Subject Domain Names to the IP addresses where the associated websites are hosted; and

(c) Upon Plaintiff's request, the Internet Corporation for Assigned Names and Numbers ("ICANN") shall take all actions necessary to ensure that the top level domain Registry responsible for the Subject Domain Names transfers and/or disables the Subject Domain Names.

This case is CLOSED.

BY COURT ORDER at Miami, Florida this 21st day of June, 2011.

STEVEN M. LARIMORE
Clerk of Court

By: LYNN M. SUROWIEC
Deputy Clerk